## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

EDWARD REYNOLDS,                          )
                                          )
    Plaintiff,                        )
                                          )          No. 2:25-cv-02529-TLP-atc
v.                                        )
                                          )          JURY DEMAND
PROGRESSIVE TECHNOLOGIES, INC.,           )
                                          )
    Defendant.                        )

## ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE
## AND ADOPTING REPORT AND RECOMMENDATION TO GRANT MOTION
## TO DISMISS IN PART AND DENY IN PART

Pro se Plaintiff Edward Reynolds sued Defendant Progressive Technologies, Inc., alleging that it had unlawfully terminated and otherwise retaliated against him for requesting unpaid medical leave and based on his race.  (*See* ECF No. 2.)  Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters.  Plaintiff amended his Complaint, and Defendant then moved to dismiss the Amended Complaint.  (ECF Nos. 12, 14.)  Judge Christoff issued a Report and Recommendation ("R&R") in February 2026, recommending that the Court grant the motion to dismiss the Amended Complaint in Part.  (ECF No. 54.)  Her R&R notified the parties that they had 14 days to object to the R&R.  Neither party objected.

In the R&R, Judge Christoff recommends dismissing many of Plaintiff's claims while allowing some to proceed.  (*Id.*)  For the reasons below, this Court **ADOPTS** the R&R.

**BACKGROUND AND THE R&R**

Plaintiff sued here in May 2025.  (ECF No. 2.)  Defendant moved to dismiss the Complaint.  (ECF No. 10.)  Plaintiff amended his complaint in June 2025.  (ECF No. 12.)  Defendant's renewed their Motion to Dismiss.  (ECF No. 14.)  In her R&R, Judge Christoff recommends dismissing Plaintiff's claims under the Family Medical Leave Act ("FMLA"), the Electronic Fund Transfer Act ("EFTA"), Federal Labor Standards Act ("FLSA"), and 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted.  (ECF No. 54.)  She recommends denying the Motion as to Plaintiff's claims under 42 U.S.C. § 1981, Fair Housing Act ("FHA"), and theories of unjust enrichment and implied contract.  (*Id.*)

Judge Christoff helpfully distills the facts here from Plaintiff's eighty-two page Amended Complaint.  (*Id.* at PageID 916–18.)  Plaintiff worked for Defendant as a project manager from January 13, 2025, to May 16, 2025.  (*Id.* at PageID 916.)  Across those four months, Plaintiff asserts that Defendant subjected him to race-based discrimination related to the terms and conditions of his employment.  (*Id.*)  He insists that Defendant micromanaged him.  (*Id.*)  And he insists that Defendant excluded him from key project meetings and communications.  (*Id.*)  It did not provide him work resources and support.  (*Id.*)  It created "curtains of [racial] hostility."  (*Id.*)  And most importantly, Defendant denied his request for medical leave.  (*Id.*)  Without providing details, Plaintiff also alleges that he worked over forty hours per week without overtime pay.  (*Id.*)

Plaintiff's hard-to-follow allegations center on his request for medical leave on May 13, 2025.  (*Id.*)  The crux of this allegation is that Defendant, without justification, denied Plaintiff unpaid medical leave under the FMLA.  (*Id.*)  Plaintiff admits that he did not work for Defendant for a year, and therefore, did not qualify for FMLA protections.  (*Id.*)  Plaintiff instead asserts

that representations from Defendant's Operations Manager—Crissy Kink—led him to believe he might be eligible for unpaid FMLA leave. (*Id.* at PageID 916–17.)  Kink, though, told Plaintiff that Defendant denied his leave request. (*Id.* at PageID 917.)

Plaintiff claims that he was confused because Kink told him that unplanned medical leave longer than twenty-four hours would need to be verified by a doctor's note. (*Id.*)  Plaintiff left work on May 13, 2025, after Defendant denied his request for leave. (*Id.*)  Plaintiff claims that "[w]ithin 24 hours of notifying the company of his health condition and request for medical leave, [he] began receiving a barrage of emails and phone calls" from Kink and from Plaintiff's direct supervisor—John Hensen—demanding that he return to work. (*Id.*)  Plaintiff claims Kink emailed him saying that Defendant would consider Plaintiff to have abandoned his job if he did not return to work within twenty-four hours. (*Id.*)  On May 21, 2025, Defendant notified Plaintiff that it had terminated him as of May 16, 2025. (*Id.*)

Plaintiff also claims that, along with his termination, Defendant took back $3,379.59 of wages from his bank account for seventy-one hours of work. (*Id.*)  This, he asserts, was also in retaliation for his leave request and race-based discrimination. (*Id.*)  Plaintiff points to five similarly situated white employees—Jeff Jackson, David Wright, Dylan Wiley, Bart Waldroup, and Marko Vazquez—who were treated better than him about leave requests and work absences. (*Id.* at PageID 917–18.)  For example, neither Wiley nor Waldroup qualified for FMLA protections. (*Id.* at PageID 918.)  Plaintiff contends that both Wiley and Waldroup took several days of unplanned and undocumented leave without consequence. (*Id.*)  The Court next turns to the legal standard for analyzing the R&R and then turns to the appeal and the R&R itself.

### LEGAL STANDARD

Familiar legal principles guide the Court's limited standard of review here.  *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).  Under 28 U.S.C. § 636(b)(1)(A), a district court may designate a magistrate judge to hear and determine any pretrial matter.  And a district court may reconsider a magistrate judge's determination "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see* LR 72.1(g)(1); *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).  An order is "clearly erroneous" if evidence supports the decision, but the "reviewing court . . .  is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  An order is "contrary to law" "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Stevens-Bratton v. TruGreen, Inc.*, No. 15-2472, 2020 WL 3086571, at *3 (W.D. Tenn. June 10, 2020) (quoting 32 Am. Jur. 2d Federal Courts § 140)).

Courts in this Circuit have noted that this standard sets a high bar for an appellant to overcome.  *See Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of Michigan*, 683 F. Supp. 3d 645, 651 (E.D. Mich.), *reconsideration denied*, 685 F. Supp. 3d 525 (E.D. Mich. 2023); *see also id.* ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.") (quoting 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3069 (3d. ed. 2022)).  That is because the district court's review of a non-dispositive order is deferential.  *McKenzie Med. Ctr., PC v. Selective Ins. Co. of S.C.*, No. 23-01045, 2023 WL 6626139, at *2 (W.D. Tenn. Oct. 11, 2023) (citation omitted).  A party's "mere disagreement" with a non-dispositive order "does not rise to a clear error of fact or a decision contrary to law."  *Id.*  Nor is a legal conclusion clearly

4

erroneous or contrary to law just because "reasonable minds may differ." *Stevens-Bratton*, 2020 WL 3086571, at *3 (citation omitted). That is why "the critical inquiry is whether there is legal authority that supports a magistrate[] [judge's] conclusion. *Id.* And "if so, the magistrate judge did not act contrary to law." *Id.*

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Court reviews Plaintiff's outstanding appeal to determine whether Judge Christoff's decision is clearly erroneous or contrary to law.[1] And because no party objects, the Court also reviews the R&R for clear error.

### DISPOSITION

The Court first addresses Plaintiff's outstanding appeal of Judge Christoff's Order Deeming Defendant's First Motion to Dismiss as Moot, Granting Plaintiff's Motion for Leave to

---

[1] The parties debate whether Plaintiff's appeal is properly raised under Federal Rule of Civil Procedure 72(a), which authorizes appeals of nondispositive matters with a "clearly erroneous" standard of review, or if it would be more properly raised as an objection to the R&R under Rule 72(b)(2), subject to de novo review. (*See* ECF Nos. 25–26.) Defendant's point is well taken that Plaintiff's appeal, in effect, challenges the Motion to Dismiss by seeking to strike the reasoning that supports it. But because the Court affirms Judge Christoff's decision and would do so under a clearly erroneous or de novo standard of review, it need not confront whether Defendant properly raised this appeal.

File Surreply, and Setting a Scheduling Conference. (ECF No. 23.) After resolving Plaintiff's appeal, the Court will address the R&R.

## I.    Plaintiff's Appeal of Judge Christoff's Order

Plaintiff appeals Judge Christoff's decision to consider all the filings related to Defendant's Motion to Dismiss. (ECF No. 23.) Defendant's Memorandum in Support of its Motion to Dismiss exceeds the twenty-page limit imposed by Local Rule 12.1(a). (*See* ECF No. 14-1.) Plaintiff asserts that this violation requires the Court to strike the entire Memorandum or at least the portions that exceed the page limit. (ECF No. 23 at PageID 236–38.) Plaintiff also seeks to have Defendant's reply brief struck for including new arguments not raised in its Motion to Dismiss. (*Id.*)

He claims that consideration of these briefs prejudices him as he has complied with the local rules and is a pro se litigant. (*Id.*) But Judge Christoff noted in her Order that Plaintiff failed to include a Certificate of Consultation in his Motion to File a Surreply which violated Local Rule 7.2(a)(1)(B). (ECF No. 19.) Highlighting that both parties violated the Local Rules, Judge Christoff granted Plaintiff's Motion to File a Surreply and also considered Defendant's briefing with its Motion to Dismiss. (*Id.*) She admonished both parties for violating the rules and ordered them to learn about the Local Rules. (*Id.*) Not to be deterred, Plaintiff appealed the decision and replied to Defendant's Response in opposition. (ECF Nos. 23, 26.) Plaintiff argues, in part, that his violation of the Local Rules was harmless while Defendant's was prejudicial. (*See* ECF 26 at PageID 273.)

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349–50 (6th Cir. 2015); *see Intl. Paper Co. v. Medmarc Cas. Ins. Co.*, No. 23-CV-

02299-MSN-TMP, 2025 WL 3732520, at *1 (W.D. Tenn. Nov. 6, 2025) (citing *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999); *Smith v. Steece & Herbert*, No. 23-12903, 2024 WL 5671683, at *1 (E.D. Mich. Oct. 29, 2024).   The Federal Rules of Civil Procedure provide only for motions to strike pleadings.  Fed. R. Civ. P. 12(f).  But "trial courts make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than pleadings]." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing *Anthony v. BTR Auto Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003)).  And "[a] court acts within its discretion when it strikes a filing for, inter alia, untimeliness or a failure to comply with the local rules."  *Schilling Foods, LLC v. First Data Corp.*, No. 2:18-CV-2320-MSN-CGC, 2021 WL 5161908, at *1 (W.D. Tenn. Aug. 30, 2021).

As to Defendant's Reply, Plaintiff is mistaken.  Defendant raises no new arguments in its Reply.  (*Compare* ECF No. 23 *with* ECF No. 26.)  Instead, it restates several points it made in its Motion to Dismiss and replies to Plaintiff's arguments in his Response.  And so Defendant's only violation of the Local Rules is exceeding the twenty-page limit in its Memorandum by six pages.

The Court will not mince words here.  Judge Christoff was within her discretion to apply the local rules and control her docket when she decided that a written warning and order for the parties to learn about the Local Rules was enough of a sanction.  In the context of Federal Rule of Civil Procedure 41(b) for instance, courts are encouraged to impose sanctions less severe than dismissal before dismissing a case for failure to prosecute.  *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (stating that one of the factors courts consider when deciding whether to dismiss a case for failure to prosecute is

"whether less drastic sanctions were imposed or considered before dismissal was ordered.")
Judge Christoff applied the same principle here.  She resorted to a less severe sanction instead of,
effectively, disregarding a dispositive motion and denying Plaintiff leave to file a surreply.  The
Court finds no error in Judge Christoff's exercise of her discretion, let alone one that is "clearly
erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* LR 72.1(g)(1); *Bisig v. Time
Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

Instead, the Court is taken aback by Plaintiff's audacity.  As noted by Judge Christoff and
Defendant, Plaintiff has relied on fake legal authority throughout the litigation.  (ECF No. 47 at
PageID 821–23; ECF No. 54 at PageID 921, 930, 933.)  In trying to evaluate Plaintiff's objection
to Judge Christoff's Order, the Court notes that all the cases Plaintiff cites for the proposition
that "[d]istrict courts in the Circuit and elsewhere routinely strike or disregard overlength briefs
filed without leave" are fake ones.  (*See* ECF No. 26 at PageID 272.)  The cases either do not
exist, or they exist but are not decisions from the courts Plaintiff cites.  Nor do the cases stand for
the proposition Plaintiff asserts.  Judge Christoff exercised her discretion with marked restraint.
Because Plaintiff has repeatedly cited fake authority, this Court would be justified in dismissing
his case.  But the Court will give Plaintiff one more chance to show that he is able to follow the
law.  As Judge Christoff ordered, Plaintiff must review his citations for accuracy going forward.
The Court warns Plaintiff if he continues to cite fabricated legal authority, the Court may dismiss
his entire case without any further warning.  (ECF No. 54 at PageID 930.)

Because the Court finds no legal error in Judge Christoff's decision, it **AFFIRMS** her
Order and next considers the R&R.

## II.     The R&R

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R.  In fact, the Court agrees with her well-reasoned analysis.

### A.     FMLA Claims

Plaintiff brings claims for entitlement and retaliation under the FMLA.  (ECF No. 12 at PageID 116–23.)  As Judge Christoff correctly notes, the elements to an entitlement claim under the FMLA are "'(1) [the plaintiff] was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) [the plaintiff] was entitled to leave under the FMLA; (4) [the plaintiff] gave the employer notice of [his] intention to take leave; and (5) the employer denied the plaintiff FMLA benefits to which []he was entitled.'"  (ECF No. 54 at PageID 920 (quoting *Kindred v. Memphis Light Gas & Water*, No. 2:19-cv-2660-TLP-dkv, 2020 WL 880878, at \*8 (W.D. Tenn. Jan. 6, 2020), *report and recommendation adopted*, 2020 WL 504672 (W.D. Tenn. Jan. 31, 2020).

And the elements of a retaliation claim under the FMLA are "'(1) the employee availed [him]self of a protected right under the FMLA by notifying the employer of [his] intent to take leave; (2) []he suffered adverse employment action; and (3) there was a causal connection between the exercise of [his] rights under the FMLA and the adverse action.'" (*Id.* (quoting *Kindred v. Memphis Light Gas & Water*, No. 2:19-cv-2660-TLP-dkv, 2020 WL 880878, at \*8 (W.D. Tenn. Jan. 6, 2020), *report and recommendation adopted*, 2020 WL 504672 (W.D. Tenn. Jan. 31, 2020).  "[A]n employe who fails to meet the eligibility requirements for FMLA cannot state a claim for retaliation under the statute." *Hill v. TK Elevator Mfg., Inc.*, No. 22-cv-1258-STA-jay, 2024 WL 4269776, at \*13 (W.D. Tenn. Sept. 23, 2024).

Judge Christoff is correct that Plaintiff's FMLA entitlement and retaliation claims fail because he is not an "eligible employee."  To qualify as an eligible employee, a plaintiff "must have been employed 'for at least 12 months by the employer with respect to whom leave is requested . . . and . . . for at least 1,250 hours of service with such employer during the previous 12-month period.'"  *Alazawi v. Swift Transp. Co., Inc.*, 391 F. Supp. 2d 626, 633 (W.D. Tenn. 2004) (quoting 29 U.S.C. § 2611(2)(A)).  Plaintiff admits that he worked for Defendant only for about four months and did not qualify for FMLA protections.  (ECF No. 12 at PageID116–17.)  Plaintiff cannot therefore show the first element of an entitlement claim as a matter of law.

Judge Christoff is also correct that Plaintiffs argument for equitable estoppel is unavailing.  (ECF No. 54 at PageID 922.)  In *Dobrowski v. Jay Dee Contractors, Inc.*, the Sixth Circuit held "that in certain circumstances equitable estoppel applies to employer statements regarding an employee's FMLA eligibility, preventing the employer from raising non-eligibility as a defense."  571 F.3d 551, 555 (6th Cir. 2009).  The elements of equitable estoppel are "(1) a definite misrepresentation as to a material fact, (2) a reasonable reliance on the misrepresentation, and (3) a resulting detriment to the party reasonably relying on the misrepresentation."  *Id.* at 557.  Plaintiff asserts that Defendant "led [him] to believe he was entitled to job-protected leave."  (ECF No. 12 at PageID 125.)

But Judge Christoff correctly found that the first element of equitable estoppel is negated by Plaintiff's allegations that Defendant denied his leave request and tried to get him to return to work and warn him of his potential termination.  (ECF No. 54 at PageID 923.)  The allegations in the Amended Complaint therefore show that Defendant did not misrepresent that Plaintiff was FMLA-eligible.  The Court also agrees with Judge Christoff that Plaintiff has not shown reasonable reliance on any misrepresentation, given Defendant's efforts to get Plaintiff back to

work shortly after he failed to show up. (*Id.* at PageID 923–24.) Since Plaintiff cannot show

that he qualified for FMLA protection, either by being an eligible employee or through equitable

estoppel, his retaliation claim also necessarily fails. *Hill v. TK Elevator Mfg., Inc.*, No. 22-cv-

1258-STA-jay, 2024 WL 4269776, at *13 (W.D. Tenn. Sept. 23, 2024).

As a result, the Court agrees with Judge Christoff and **GRANTS** Defendant's Motion to

Dismiss Plaintiff's FMLA entitlement and retaliation claims. Next the Court will address the §

1981 claims.

### B.       42 U.S.C. § 1981 Claims

Plaintiff also brings claims for race-based disparate treatment regarding his unapproved

leave and termination, hostile work environment, and retaliation in violation of 42 U.S.C.

§ 1981. (ECF No. 54 at PageID 924.) Judge Christoff properly states that the elements of a

§ 1981 claim at the motion to dismiss stage are "(1) the plaintiff belonged to a protected class;

(2) the defendant intended to discriminate against him on the basis of race; and (3) the

defendant's discriminatory conduct abridged a right enumerated in § 1981(a)." *Inner City*

*Contracting, LLC v. Charter Twp. of Northville, Mich.*, 87 F.4th 743, 754 (6th Cir. 2023)

(quoting *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)). A plaintiff can show

intentional discrimination through direct or circumstantial evidence. *Id.* at 755. And to show

causation under the third element, a plaintiff must prove but-for causation. *Id.* at 756.

Section 1981 protects one's right to employment from discrimination under a private

employment contract. *Wright v. Memphis Police Ass'n, Inc.*, No. 14-2913-STA-dkv, 2015 WL

3407358, at *6 (W.D. Tenn. May 26, 2015). In Tennessee, that employment contract can be

oral. *VanHoose v. Waupaca Foundry, Inc.*, No. 1:17-cv-248, 2018 WL 4945218, at *6 (E.D.

Tenn. Jan. 23, 2018); *see Henry v. Trammell Crow SE, Inc.*, 34 F. Supp. 2d 629, 635 (W.D.

Tenn. 1998) (recognizing that, "[u]nder Tennessee law, the employer-employee relationship is contractual in nature" and holding that at-will employees can recover for race discrimination under § 1981).

Judge Christoff rejects Defendant's arguments for dismissal of Plaintiff's § 1981 claims. (ECF No. 54 at PageID 925–28.)  Defendant claims that, because Plaintiff had no legal right to FMLA leave, its denial of leave cannot serve as the basis for a § 1981 claim.  (*Id.* at PageID 925.)  But Judge Christoff rightly noted that Plaintiff had a contractual right to his continued employment free from racial discrimination.  (*Id.* at PageID 925–26.)  This means that Plaintiff has plausibly alleged a contractual right that serves as the basis for his § 1981 claims.  (*Id.*;) *see e.g.*, *Henry*, 34 F. Supp. 2d at 633 ("Congress expanded the scope of § 1981 to include claims of discrimination in the terms and conditions of employment. Accordingly, plaintiffs can now bring claims of racial harassment or discriminatory discharge under § 1981.")  And the Court agrees with Judge Christoff that Plaintiff has plausibly alleged but-for causation.  (ECF No. 54 at PageID 926.)

As for the hostile work environment claim, Defendant argues that Plaintiff's allegations "do not remotely rise to the level of 'severe' or pervasive' conduct" necessary for a hostile work environment claims.  (ECF No. 14-1 at PageID 162.)  The Court agrees with Judge Christoff. Because the Court must accept Plaintiff's allegations as true, his claims of disparate treatment, monitoring and micromanagement, exclusion from meetings and communications, denial of work resources and support, and "curtains of racial hostility" support his hostile work environment claim.  (ECF No. 54 at PageID 926–27 (citing *McNeal v. City of Blue Ash, Ohio*, 117 F.4th 887, 904 (6th Cir. 2024).)

The Court also agrees with Judge Christoff that Defendant's argument about Plaintiff's retaliation claim is unconvincing. (*Id.* at PageID 927–28.) Defendant asserts that it has a legitimate, non-discriminatory reason for the alleged adverse employment actions. (*Id.* at PageID 927.) This claim is an argument under the *McDonnell Douglas* burden shifting framework, which applies at the summary judgment stage. (*Id.*) And so the Court agrees with Judge Christoff that Defendant's argument is premature. (*Id.* at PageID 928.)

Accepting Plaintiff's allegations as true, the Court agrees with Judge Christoff and **DENIES** the Motion to Dismiss Plaintiff's § 1981 claims.

### C.    EFTA Claim

Plaintiff's EFTA claim rests on his allegation that Defendant violated the statute when it "removed $3,379.59 in earned wages, representing 71 hours of work performed during the week ending May 10, 2025 from [his banking] account" in retaliation for his complaints about his unapproved leave and race-based discrimination. (ECF No. 12 at PageID 125.) The Court agrees with Judge Christoff that Plaintiff's EFTA claim fails. (ECF No. 54 at PageID 928–31.) To violate the EFTA, a transaction must be unauthorized. *Jackson v. WMC Mortg. Corp.*, No. 2:12-cv-02914-JPM-cgc, 2014 WL 688952, at *3 (W.D. Tenn. Feb. 20, 2014). Authorization includes both credits and debits. *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 426 (6th Cir. 2018). When Plaintiff chose to receive his pay electronically, he authorized Defendant to make both credits and debits to his bank account. (ECF No. 54 at PageID 930.) And Plaintiff never revoked this authorization. (*Id.* at PageID 931.) Thus Defendant withdrawing funds from Plaintiff's bank account was not an unauthorized transaction. Plaintiff's claim must therefore fail.

The Court agrees with Judge Christoff that Plaintiff has not plausibly alleged an unauthorized transaction under the EFTA, and therefore, **GRANTS** Defendant's Motion to Dismiss Plaintiff's EFTA claim.

### D.    FLSA Claims

Plaintiff brings an FLSA claim that Defendant violated his rights under the statute and retaliated against him when it fired him and eliminated his benefits.  (ECF No. 54 at PageID 931.)  This claim includes an argument that Defendant did not "compensate Plaintiff for overtime hours worked in excess of 40 per week, despite constructive knowledge of those hours."  (ECF No. 12 at PageID 130.)  Judge Christoff correctly explains that FLSA provides two guarantees. (ECF No. 54 at PageID 931.)  "First, it mandates that employees receive a minimum wage for the hours that they work. Second, it limits the work week to forty hours and requires that workers receive overtime pay at a rate of one and one-half times the normal rate for all hours worked in excess thereof." *Torres v. Vitale*, 954 F.3d 866, 872 (6th Cir. 2020) (citing 29 U.S.C. §§ 206(a) 207(a)(1)).  The Court agrees that the FLSA does not afford Plaintiff a cause of action for his termination and denial of medical leave.  (*Id.* at PageID 932.)

"To state an overtime violation of the FLSA, a complaint must establish (1) an employer–employee relationship, (2) that the employees are covered, (3) the employees worked more than forty hours, and (4) that overtime was not paid." *Anderson v. GCA Servs. Grp. of N.C.*, 1:15-cv-37-GNS, 2015 WL 5299452, at *4 (W.D. Ky. Sept. 9, 2015) (citing 29 U.S.C. § 207(a)).  The Court agrees with Judge Christoff that Plaintiff never alleged a specific instance in which Defendant failed to pay him overtime for working more than forty hours in a week.  (ECF No. 54 at PageID 932 (citing *Forrester v. Am. Sec. & Prot. Serv. LLC*, No. 5:20-cv-204, 2021 WL 4134043, at *5 (W.D. Ky. Sept. 9, 2021); *Anderson*, 2015 WL 5299452, at *4; *Auxer v. Republic*

*Waste Servs. of Ohio, Hauling, LLC*, No. 2:18-cv-212, 2019 WL 1255551, at * (S.D. Ohio Mar. 19, 2019)).)  Upon review of the law Judge Christoff cited, the Court agrees that Plaintiff has not alleged when he was denied overtime pay specifically enough to survive Defendant's Motion to Dismiss.

Finally, Judge Christoff is right that Plaintiff's retaliation claim under the FLSA should be dismissed as well.  (*Id.* at PageID 934.)  Judge Christoff notes that Plaintiff "never alleges that he made any complaints about overtime-pay discrepancies or suffered any adverse employment action as a result of complaints about inaccurate overtime pay."  (*Id.*)  "The FLSA protects not just 'formal proceedings' initiated by an employee with the EEOC or the Department of Labor, but also 'unofficial assertion of rights through informal complaints at work.'" *Wilmoth v. HFE 5 LLC*, No. 23-cv-11430, 2025 WL 952208, at *4 (E.D. Mich. Mar. 30, 2025) (quoting *E.E.O.C. v. Romeo Cmty. Schs.*, 976 F.2d 985, 989 (6th Cir. 1992)); see also *Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004) ("[T]he anti-retaliation provisions of the FLSA can be triggered by informal complaints.").  Plaintiff alleges that he complained about the monitoring and micromanaging of his work, the denial of work resources and support, "curtains of [racial] hostility," and his denial of medical leave. (ECF No. 54 at PageID 934.)  But he does not allege that he ever complained formally or informally about the lack of overtime pay.  (*Id.*)  And the Court therefore agrees with Judge Christoff that Plaintiff's FLSA claims fail.

The Court therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's FLSA claim.

E.      § 1983 Claim

Plaintiff brings a § 1983 claim alleging that Defendant violated his constitutional rights when it acted under color state law.  (ECF No. 54 at PageID 934.)  The Court agrees with Judge Christoff that this claim fails.  (*Id.* at PageID 935.)  A § 1983 claim requires a showing that

Defendant acted under color of state law.  42 U.S.C. § 1983.  Defendant is "(1) . . . a purely private subcontractor, (2) performing work for another purely private subcontractor, (3) performing work for a purely private general contractor, (4) performing work on a project that received some unspecified level of public support and oversight."  (ECF No. 54 at PageID 935.) The Court agrees that this distant link to government oversight is too weak to meet the "state actor" requirement under § 1983.  (*Id.* (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978); *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *Lansing v. City of Memphis*, 202 F.3d 821, 829 (6th Cir. 2000); *Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *2 (W.D. Mich. Dec. 7, 2021); *McRee v. Renasant Bank Legal Dep't*, No. 16-cv-2879- JDT-dkv, 2017 WL 31470, at *1 (W.D. Tenn. Jan. 3, 2017)).)

Given that Plaintiff has sued a private actor, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's § 1983 claim.

### F.      FHA Claim

Under the FHA, Plaintiff alleges that Defendant discriminated and retaliated against him because of his race when it terminated his employer-provided housing.  (ECF No. 12 at PageID 137–39.)  Judge Christoff correctly states the law.

> The FHA forbids discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race. The statute allows any aggrieved person to file a civil action seeking damages for a violation of the statute. The FHA defines an aggrieved person to include any person who . . . claims to have been injured by a discriminatory housing practice. Under the Fair Housing Act, a plaintiff thus need show only that he or she (1) has suffered an injury in fact (2) that is causally connected to the defendants' conduct and (3) that is likely to be redressed by a favorable ruling.

(ECF No. 54 at PageID 936. (internal quotation marks omitted) (quoting *In re Cole*, No. 2:15-mc-00017-SHM-dkv, 2019 WL 2440082, at *3 (W.D. Tenn. June 11, 2019); *Schanz v. City of Otsego*, No. 1:21-cv-1028, 2023 WL 11081615, at *3 (W.D. Mich. July 14, 2024)).)  Defendant

16

argues that Plaintiff has not alleged enough facts to establish that his "injury is fairly traceable to the defendant's challenged conduct." (ECF No. 14-1 at PageID 175 (quoting *Smith v. City of Cleveland Heights*, 760 F.2d 720, 721 (6th Cir. 1985)).)

The crux of Defendant's argument is that Plaintiff's FHA claim fails because it terminated his housing when it fired him. (ECF No. 54 at PageID 936–37.) But the Court agrees with Judge Christoff that Plaintiff has plausibly stated a claim under the FHA. (*Id.* at PageID 937 ("In this case, Reynolds has sufficiently pled that he is an aggrieved person under that FHA who suffered an injury that is allegedly attributable to Progressive's purported discriminatory conduct.")) Plaintiff alleges that he is a Black man who was denied housing by his employer based on his race and in retaliation for his reports of racial discrimination.

The Court therefore **DENIES** Defendant's Motion to Dismiss Plaintiff's FHA claim.

### G.      Unjust Enrichment and Breach of Implied-in-Fact Contract Claims

Plaintiff also brings unjust enrichment and implied-in-fact contract claims as an apparent catch-all for relief. (ECF No. 54 at PageID 937.) Defendant argues that there are no allegations to support an agreement between the parties after Plaintiff's termination. (*Id.*) But Judge Christoff pointed out that Defendant misinterprets Plaintiff's argument. (*Id.*) Plaintiff argues "that the terms and conditions of his employment created an implied[-in-fact] contract that was breached upon his termination" and that Defendant was unjustly enriched through Plaintiff's labor and alleged mistreatment and termination. (*Id.*) Defendant's argument that Plaintiff breached any quasi-contractual agreement first is a factual dispute not properly addressed at the motion to dismiss stage. (*Id.*) That is why the Court agrees with Judge Christoff that "[Defendant] has not provided a basis for the dismissal of these equitable claims at this stage." (*Id.* at PageID 938.)

Tennessee courts have applied implied-in-fact contract[2] and unjust enrichment[3] theories in the context of employment disputes. *Jones v. LeMoyne-Owen College*, 308 S.W.3d 894, 905 (Tenn. App. 2009) (considering whether an implied-in-fact contract existed between an employee and employer regarding a class to be taught by the employee); *CPB Mgt., Inc. v. Everly*, 939 S.W.2d 78 (Tenn. App. 1996) (analyzing an unjust enrichment claim brough by an employer against their employee). While this is not the typical application of these quasi-contractual remedies, Defendant has pointed to no cases holding that either are inapplicable. Plaintiff pleaded in the alternative should the Court find no oral employment contract between Plaintiff and Defendant. For that reason, the Court agrees that Plaintiff's allegations about the terms and conditions of his employment and his mistreatment, termination, and deprivation of housing and pay plausibly stated claims for an implied-in-fact contract or unjust enrichment. The Court does note its skepticism, though. Remember, "[u]nder Tennessee law, the employer-employee relationship is contractual in nature." *Henry v. Trammell Crow SE, Inc.*, 34 F. Supp.

---

[2] The Tennessee Court of Appeals has described a contract implied-in-fact.

> A contract implied in fact arises under circumstances which show mutual intent or assent to contract. A contract implied in fact is similar to an express oral contract. The primary difference between the two is the manner in which the parties express their assent. In an express contract, the parties assent to the terms of the contract by means of words, writings, or some other mode of expression.... In a contract implied in fact, the conduct of the parties and the surrounding circumstances show mutual assent to the terms of the contract.

*Jones v. LeMoyne-Owen College*, 308 S.W.3d 894 (Tenn. App. 2009).

[3] "Unjust enrichment is a quasi-contractual theory . . . in which a court may impose a contractual obligation where one does not exist." *Fam. Tr. Services LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 304 (Tenn. 2024) (internal quotation marks omitted). The elements are "(1) [a] benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Id.* (internal quotation marks omitted). The Court notes that Defendant's Motion to Dismiss and the R&R mainly address the implied-in-fact contract claim. This does not change the Court's conclusion.

18

2d 629, 635 (W.D. Tenn. 1998) (citing *Hamby v. Genesco, Inc.,* 627 S.W.2d 373, 375 (Tenn. App. 1981)).  It is unclear whether Plaintiff can pursue these quasi-contractual theories in the employment context.

At this stage, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's unjust enrichment and breach of implied-in-fact contract claims.

And having found no clear error, the Court therefore **ADOPTS** the R&R.

## **CONCLUSION**

The Court has reviewed Judge Christoff's R&R and finds no clear error.  And so the Court **ADOPTS** the R&R.  Accordingly, the Court **DISMISSES** Plaintiffs' claims under the FMLA, the EFTA, the FLSA, and § 1983 **WITH PREJUDICE**.  Plaintiff may, however, proceed with his remaining claims under § 1981, the FHA, and theories of unjust enrichment and implied contract.

**SO ORDERED**, this 30th day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

19